IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAURICE L. JONES, JR., | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| HERITAGE-CRYSTAL CLEAN, LLC, a foreign limited liability company, | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Maurice L. Jones, Jr. is a resident of the State of Delaware residing at 70 Denny Circle, Newark, DE 19702.

2. Defendant Heritage-Crystal Clean, LLC, is an Indiana limited liability company whose registered agent for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* (Title VII), 42 U.S.C. § 1981, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (the "ADA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), by 42 U.S.C. § 12117(a), and by 28 U.S.C. § 1343.

5. Plaintiff brings this action to redress the wrongs done to him by Defendant's discrimination against him on the basis of his race and disabilities and by Defendant's retaliation against him for his complaints of race discrimination and for his exercise of his rights under the ADA.

6. Plaintiff timely submitted a complaint of discrimination on the basis of race and disability to the Equal Employment Opportunity Commission (the "EEOC").

7. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

8. Plaintiff has timely filed this Complaint within ninety (90) days of his receipt of the aforementioned Notice of Right to Sue.

9. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the basis for these claims took place within the boundaries of that District.

10. The Plaintiff is African-American.

11. At all times relevant to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. § 12102(1). Specifically, he had physical and mental impairments that substantially limit one or more of his major life activities, and/or he has had a record of such impairments, and/or he has been regarded by Defendant as having such impairments. Plaintiff's disabilities include, but are not limited to, Hypertrophic Cardiomyopathy, depression, insomnia, and severe stress, and these have limited, *inter alia*, the major life activities of thinking, sleeping, and working.

12. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

13. Plaintiff was employed by Defendant as a driver at Defendant's place of business in Wilmington, Delaware, from on or about July 7, 2014 until his employment was terminated on or about February 16, 2016. Plaintiff was initially hired by FCC Environmental, and FCC Environmental was subsequently purchased by Defendant in or about October 2014.

14. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

15. During the period of his employment, Plaintiff was subjected to differential treatment on the basis of his race by agents of the Defendant, including but not limited to the following:

    a) Mr. Tiberi, a manager for Defendant, stated to Plaintiff, "I saw how you looked at that white woman the other day. You looked at her like she was a piece of meat."

    b) Mr. Tiberi then stated to Plaintiff "Yeah, you're down with O.P.P." O.P.P. is a crude reference to female anatomy that was used in a Hip Hop song made popular by Hip Hop artist Naughty by Nature.

    c) References to O.P.P. were made on numerous occasions in the office after the initial confrontation. Plaintiff eventually confronted Mr. Tiberi about the comments in or about early 2015.

    d) Approximately thirty days after confronting Mr. Tiberi about the O.P.P. comments, Plaintiff was removed from the Field Service line of business and placed under Mr. Tiberi as a Vacuum Sales driver.

    e) When Plaintiff asked his current supervisor, Glenn Anderson, why he was being transferred, the supervisor responded, "I don't know. You are no longer in Field Services. You report to Mr. Tiberi now."

    f) Mr. Tiberi then told Plaintiff that his hours would drop to approximately thirty hours per week. White drivers did not suffer a comparable reduction in hours.

    g) Plaintiff was compensated hourly in his position as a Vacuum Sales driver while white employees in the same position were paid commission and therefore earned more money.

h) Mr. Tiberi then started claiming that Plaintiff was "milking the clock" and reporting false hours. Plaintiff's hours were adjusted without his consent on numerous occasions. The hours of white drivers in the same position were not adjusted.

i) An opening in the Field Services division became available and Plaintiff requested a transfer back to his original job position, but the request was denied with no reason given.

16. In or about June 2015, Plaintiff was diagnosed with Hypertrophic Cardiomyopathy. He was also diagnosed with depression, insomnia, and severe stress.

17. When Plaintiff presented doctor's notes to Mr. Tiberi and informed Mr. Tiberi of the need to take medical leave related to the disabilities, Mr. Tiberi yelled at Plaintiff and accused him of being unreliable and missing time.

18. On or about February 11, 2016, and February 13, 2016, Plaintiff made an inquiry with Human Resources about his rights as an employee related to the difference in wages compared to white workers. Plaintiff also requested documentation from Human Resources stating his official start date, his job title, and his job description. Human Resources supplied everything except the job description. Plaintiff was told that his description would be supplied by his supervisor.

19. On or about February 16, 2016, Plaintiff's employment was terminated for allegedly falsifying timesheets. It was discovered before the termination that the hours were not falsified. There was no progressive discipline.

20. A white driver had received two moving violations and was subject to progressive discipline.

21. The reason proffered by Defendant for Plaintiff's termination, i.e., that Plaintiff had submitted falsified timesheets, was pretextual and intended to mask the true reasons for the

Defendant's actions, i.e., discrimination against the Plaintiff on the basis of his race and disabilities and retaliation against the Plaintiff for his exercise of rights under Title VII, 42 U.S.C. § 1981, and the ADA.

22. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

23. As a direct result of the actions of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

24. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 23 hereinabove.

25. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 2000e *et. seq.*

26. By committing the aforementioned acts, including a reduction in work hours and subsequent termination, Defendant has retaliated against Plaintiff in response to his complaints of racial discrimination.

27. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

    a) back pay, including interest;

    b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

### COUNT II – 42 U.S.C. § 1981

28. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 27 hereinabove.

29. By committing the aforementioned acts, and specifically by discriminating against Plaintiff on the basis of his race, Defendant has violated 42 U.S.C. § 1981.

30. By committing the aforementioned acts, including a reduction in work hours and subsequent termination, Defendant has retaliated against Plaintiff in response to his complaints of racial discrimination.

31. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

## **COUNT III – AMERICANS WITH DISABILITIES ACT**

32. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 31 hereinabove.

33. By committing the aforementioned acts, Defendant has discriminated against Plaintiff on the basis of his disabilities in violation of the ADA.

34. By committing the aforementioned acts, including a reduction in work hours and subsequent termination, Defendant has retaliated against Plaintiff for exercising his rights under the ADA.

35. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a) back pay, including interest;

b) reinstatement, if feasible, or in the alternative, front pay;

c) compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d) punitive damages;

e) pre-judgment and post-judgment interest;

f) attorney's fees; and

g) any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: _____
William D. Fletcher, Jr., Esquire
Bar I.D. # 362

By: _____
Gary E. Junge, Esquire
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: